JUSTICE McKINNON,
specially concurring.
¶50 Beach asks this Court, once again, to ignore the important public interest in ensuring the finality of state court judgments and to conclude that, no matter how many years have passed since a petitioner’s conviction has become final, if he can scrape together enough developments in the law over thirty years, perhaps he might receive a better outcome at a new sentencing. Miller v. Alabama, 567 *93 U.S._, 132 S. Ct. 2455, 2469 (2012), does not hold that life without parole sentences for juveniles are categorically unconstitutional and can never be imposed. Opinion, ¶ 10. Beach concedes that the holding of Miller does not apply to his case. Opinion, ¶ 11. Nevertheless, we go forward with an extensive retroactivity analysis of Miller after finding that consideration of youth at sentencing is a “new” procedural rule, Opinion, ¶ 34, though one that we ultimately conclude need not be applied retroactively, Opinion, ¶ 48. We do this in the context of Montana’s discretionary sentencing scheme, which specifically requires the sentencing judge to consider the individual characteristics, needs, circumstances, and potentialities of the person being sentenced.[1] Montana has always required a judge to consider the individual characteristics of an offender — including age — in imposing a sentence. There is nothing new about the rationale that juvenile offenders are less culpable than adult offenders, nor does the application of this rationale constitute a new rule in Montana. The significance of this rationale is to demonstrate that states with sentencing schemes mandating life without parole for juveniles violate the Eighth and Fourteenth Amendments, because such mandates fails to consider the youth of the offender. Given our individualized and discretionary sentencing statutes and the obligations they already impose upon a judge to consider a person’s potential, needs, and individual characteristics, I am not sure of the value of a so-called new procedural rule requiring a judge to “ ‘follow a certain process,’ ” Opinion, ¶ 32 (quoting Miller, 567 U.S. at_, 132 S. Ct. at 2471), when that process is, in fact, already followed in Montana. In my opinion, Beach has failed to meet his burden of proving that Montana’s sentencing scheme is not consistent with the requirements of Miller.
¶51 The habeas corpus statute reflects a narrow scope of relief which, though equitable in nature, is an extraordinazy remedy. Lott v. State, 2006 MT 279, ¶¶ 20-21, 334 Mont. 270, 150 P.3d 337. The writ is “not available to attack the validity of the conviction or sentence of a person *94 who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal.” Section46-22-101(2), MCA. We apply these principles routinely to other petitioners, and they should be applied equally to Beach. Beach received a facially valid sentence: Judge Sorte imposed a lawful sentence for Beach’s conviction of deliberate homicide after considering a PS1 that not only specified Beach’s age, but set forth his juvenile history, family background, relationships, religion, and any other relevant information for sentencing. Judge Sorte had full discretion in sentencing Beach, including the ability to find a statutory exception to the mandatory minimum based on Beach’s age. See § 46-18-222(1), MCA (1978). Unlike the fourteen-year-old defendants in Miller, 567 U.S. at_, 132 S. Ct. at 2460, Beach was a few months shy of eighteen when he committed this offense, an adult when he confessed to law enforcement, an adult during his trial for homicide, and an adult when he was sentenced.
¶52 1 cannot state my opinion more clearly and forcefully than the State, when it writes:
Ted Nees’s letter eloquently expresses the anguish of Kim Nees’s family. The Nees family clearly thought their tragic entanglement with Beach ended back in 1984. Yet, Beach repeatedly manages to be the beneficiary of hearings and procedures that no other convicted criminal is allowed. Beach is entitled to nothing more.

 At the time Judge Sorte sentenced Beach, the sentencing policy reflected in § 46-18-101, MCA (1978), provided:
This chapter shall be liberally construed to the end that persons convicted of a crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities; that dangerous offenders shall be correctively treated in custody for long terms as need; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the individual.